# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| YEHUDA MECHALI and wife, <br> NOEMI MECHALI, Plaintiffs <br><br> vs. <br><br> CTX MORTGAGE COMPANY, L.L.C. <br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC., <br> AURORA LOAN SERVICES, L.L.C., <br> HOLLY CARTER, CHRISTI WEBB and <br> DAVID STOCKMAN, Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 4:11-cv-00114 |

## MOTION FOR REMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION:

COMES NOW, YEHUDA MECHALI and wife, NOEMI MECHALI, hereinafter referred to as plaintiffs, unless otherwise designated and make this motion to remand in the above captioned and entitle caused pursuant to Rule 81( c) and 28 U.S.C. §1332, 1447( c), against defendants, AURORA LOAN SERVICES, L.L.C, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, hereinafter referred to as defendants, unless otherwise designated, and moves this court for an order remanding the above captioned and entitled cause to the 431st Judicial District Court of Denton County, Texas, from whence it was removed to this court and as grounds therefore to support thereof which shown unto this court the following:

1. Defendant filed a notice of removal on or about the 10th day of March 2011. The basis of the removal is a diversity of citizenship of the defendants and the plaintiff.

2. Plaintiff moves this court for an order remanding the above captioned and entitled

cause back to the 431st Judicial District Court of Denton County, Texas on the grounds that the court is now without jurisdiction over the actions since there is no longer complete diversity of citizenship among the parties herein. Specifically, the parties of HOLLY CARTER, CHRISTI WEBB and DAVID STOCKMAN, plaintiff, both being citizens and residents of the State of Texas, and is shown by the attached affidavits to this motion. As such, the lack of complete diversity in the above captioned titled cause between all name plaintiffs and all named defendants renders this cause one which must be remanded back to the District Court of Denton County, Texas.

3. This Court should strictly construe removal statutes because removing an action that was duly filed in state court raises significant federalism concerns. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365–66 (5th Cir. 1995) (citing Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 (1986)).[1] The burden of demonstrating that removal is proper rests on the party seeking the federal forum. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). Although the removal provision in the Convention is broader in certain respects than the general federal removal statute, both the Convention and the general removal statute allow removal to be invoked only by "the defendant or defendants."[2] Because the Convention's removal provision uses language with a well-established legal meaning, this Court should presume Congress intended these

---

[1] See also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941).

[2] Unlike the general removal statute, 28 U.S.C. § 1441, the Convention's removal provision does not incorporate the well-pleaded complaint rule. Compare 9 U.S.C. § 205 ("[T]he ground for removal need not appear on the face of the complaint . . . ."), with Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908). It also does not impose the general removal statute's strict time limit on filing a notice of removal. Compare 9 U.S.C. § 205 (permitting removal "at any time before the trial"), with 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days . . . ."). See generally Carnigal v. Karteria Shipping, Ltd., 108 F.Supp.2d 651, 653–54 & n.5 (E.D. La. 2000).

terms to carry the same meaning they have been given under the general removal statute.[3]

    4.    A district court does not have discretion to remand a case to state court unless authorized by statute. See Thermtron, 423 U.S. at 345; IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 159-60 (5th Cir. 1982). This is because federal courts have a "strict duty to exercise the jurisdiction that is conferred upon them by Congress, " Quackenbush, 517 U.S. at 716, and district courts may not nullify "the removal statutes by remand orders resting on grounds having no warrant in the law." Thermtron, 423 U.S. at 353. The argument of a lack of complete diversity by intervenor is instructive and shows the parties are not considered "insignificant" or "incidental" as complained of by the Defendants.

    Section 1367(a) reads as follows:

"(a) Except as provided in subsections (b) and ( c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. 28 U.S.C. § 1367(a) (emphasis added)."

    The Supreme Court has held that:

[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction. The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or

---

[3] See First Bank v. DJL Properties, LLC, 598 F.3d 915, 917 (7th Cir. 2010); Palisades Collections LLC v. Shorts, 552 F.3d 327, 332–34, 337 (4th Cir. 2008) (en banc); Progress W. Ins. Co. v. Preciado, 479 F.3d 1014, 1017–18 (9th Cir. 2007). When seeking to authorize removal by parties other than true defendants, Congress has made use of broader language. See, e.g., 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action . . . ." (emphasis added)).

intervention of additional parties. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (noting that the Supreme Court has "consistently interpreted § 1332 as requiring complete diversity").

Commentators have recognized that the difficult:

"question has been whether, if the court has proper jurisdiction of the original action, it may allow an intervenor to come in and present a claim or defense although there would be no basis for federal jurisdiction if the intervenor were suing or being sued alone. This problem arises primarily in diversity cases, in which the would-be intervenor is a citizen of the same state as a party against whom the intervenor would be aligned if intervention is allowed or in which the controversy with regard to the intervenor is for less than the requisite jurisdictional amount." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1917 (3d ed. 2007).

5. Congress's enactment of the supplemental jurisdiction statute addressed these issues. See generally id. Congress excepted from the statute's reach certain claims in cases in which original jurisdiction is founded solely upon diversity, such as claims by persons seeking to intervene as plaintiffs under Rule 24, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332. See 28 U.S.C. § 1367(b); Exxon Mobil, 545 U.S. at 560 ("Section 1367(b), which applies only to diversity cases, withholds supplemental jurisdiction over the claims of plaintiffs proposed to be joined as indispensable parties under Federal Rule of Civil Procedure 19, or who seek to intervene pursuant to Rule 24."). This is not the case of the present cause.

This change can be criticized as contrary to the objectives of encouraging efficient joinder and some commentators have noted that it goes beyond the "modest but significant" alterations stated by the drafters. Nonetheless, it remains the law and it now is clear that in diversity cases, ancillary (now supplemental) jurisdiction cannot be invoked for plaintiff intervenors, whether they are of right or permissive. 7C Wright, Miller & Kane, supra, § 1917 (citations omitted).

In other words, while Congress codified the concepts of pendent and ancillary jurisdiction in §1367(a), it apparently chose to circumscribe such jurisdiction in § 1367(b) with respect to plaintiff intervenors. Despite commentators' criticism of the manner in which the statute was drafted, the Supreme Court has held that "§ 1367 is not ambiguous." Exxon Mobil, 545 U.S. at 567; see State Nat. Ins. Co. v. Yates, 391 F.3d 577, 581 (5th Cir. 2004). Accordingly, the Supreme Court has rejected the view that it should look to other interpretive tools, including the legislative history of § 1367, to interpret the statute. Exxon Mobil, 545 U.S. at 567. As this Court has stated, "the statute is the sole repository of congressional intent where the statute is clear and does not demand an absurd result." In re Abbott Laboratories, 51 F.3d 524, 529 (5th Cir. 1995).  Here the parties are not intervenors or parties brought to defeat complete diversity.

In this case, the lack of complete diversity regardless of the presence of an amount in controversy over $75, 000.00 are inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332. Other circuits have reached similar conclusions.  In Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156 (3d Cir. 1995), the Third Circuit acknowledged that § 1367(b) eliminates supplemental jurisdiction over claims of plaintiff intervenors who share citizenship with a defendant. Id. at 159. Ultimately, the Third Circuit decided that the intervenor in that case was more properly aligned as a defendant, which cured the jurisdictional defect. Id. In TIG Insurance Co. v. Reliable Research Co., 334 F.3d 630 (7th Cir. 2003), the Seventh Circuit dismissed a plaintiff intervenor's claim for want of jurisdiction, because its citizenship was not diverse from the party against whom it was asserting the claim.[1] Id. at 634.

In Baker v. Minnesota Mining and Manufacturing Co., 99 F.App'x 718 (6th Cir. 2004), abrogated on other grounds by Blackburn v. Oaktree Capital Management, LLC, 511 F.3d 633 (6th

Cir. 2008), the Sixth Circuit held that the Rule 24 intervention as a plaintiff by a party which was an arm of the Commonwealth of Kentucky, and not a "citizen" for diversity purposes, deprived the district court of jurisdiction under § 1367(b). Id. at 723. Thus, the Court concluded that the district court should have denied the non-diverse party's motion to intervene as a plaintiff. Id.[2] District courts in this Circuit have interpreted the statute in a similar fashion. See MCI Telecomm. Corp. v. Logan Group, Inc., 848 F.Supp. 86, 88–89 (N.D. Tex. 1994).[4]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) (internal citations omitted). "Unless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have authority to issue orders regarding its resolution." Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985). "Such jurisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties." Id.

6. What is abundantly clear from the pleading of the Plaintiff, thus far, is that the issue before the District Court of Denton County was the foreclosure and breach of a state contract for the sale of a residential home solely in the State of Texas. The state law claim had incomplete diversity. The parties represented by the Defendant were in Texas and did all transactions in the State of Texas,

---

[4] See also Int'l Chem. Corp. v. Nautilus Ins. Co., No. 09-CV-359S(F), 2010 WL 3070101, at *3 (W.D.N.Y. Aug. 3, 2010) (holding that "where, as here, intervention is sought by an intervenor as a plaintiff in order to prosecute in district court a claim against a non-diverse party, intervention may not be granted as such status is expressly prohibited by § 1367(b)); Liberty Mut. Grp. v. Hillman's Sheet Metal & Certified Welding, Inc., 168 F.R.D. 90, 92 (D. Me. 1996) (noting that "the weight of authority supports the conclusion that § 1367(b) precludes the exercise of supplemental jurisdiction over claims by nondiverse plaintiff-intervenors, even as of right under Rule 24(a)").

and all actions of the parties were made relevant to the State of Texas.

Plaintiff would concede that one or two of the parties are located outside the State of Texas. Defendant call this "insignificant parties" to maintain complete diversity. Such is not the case when the local agents of the Defendant are located in the State of Texas. In addition, these same parties were those filing the legal actions which breach the agreements for which the Plaintiff sues. To call these parties insignificant is to argue that the same could not have taken the actions which give rise to claims the basis of this case. In <u>Strawbridge v. Curtiss</u>, 3 Cranch 267 (1806), the Supreme Court construed the original Judiciary Act's diversity provision to require <u>complete diversity of citizenship</u>. See <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996) ("We have adhered to that statutory interpretation ever since.") (citing Strawbridge, 3 Cranch at 267).

This Court should deny the removal of this cause based on the lack of <u>complete</u> diversity, the nature do the cause of action pleaded in the state court below and the and the nature and extent of the parties during all filing to the present in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, YEHUDA MECHALI and wife, NOEMI MECHALI, pray that this court enter an Order directing the defendant to pay Plaintiff's costs and disbursements incurred in reason of Defendant's wrongful removal of the above captioned and entitled cause and remanding the above captioned and entitled cause to the 431st District Court of Denton County, Texas, from whence it was removed to this court, and for such other and further relief, whether at law equity, special or general, to which the plaintiffs may show themselves justly entitled.

Respectfully submitted,

By:_____/s/ Neil L. Durrance_____

NEIL L. DURRANCE  
Attorney for Plaintiffs  
Texas Bar No. 06287550  
1108 North Locust  
Denton, Texas 76201  
Telephone (940) 898-1975  
Facsimile (940) 381-2036  

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 8th day of April, 2011, I attempted to discuss the foregoing motion with opposing counsel who could not be reached, therefore, opposing counsel oppose this motion

/s/ Neil L. Durrance
Neil L. Durrance
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

A true copy of the foregoing has this 10th day of April, 2011, been transmitted to opposing counsel and all counsel of record by EC/CMF telephonic document transfer.

/s/ Neil L. Durrance
Neil L. Durrance
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| YEHUDA MECHALI and wife, <br> NOEMI MECHALI, Plaintiffs | § <br> § <br> § | |
| vs. | § <br> § | |
| CTX MORTGAGE COMPANY, L.L.C. <br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC., <br> AURORA LOAN SERVICES, L.L.C., <br> HOLLY CARTER, CHRISTI WEBB and <br> DAVID STOCKMAN, Defendants | § <br> § <br> § <br> § <br> § <br> § | Case No. 4:11-cv-00114 |

## ORDER FOR REMAND

On this the ____ day of _____, 2011, came on to be considered the Motion to Remand filed herein by YEHUDA MECHALLI and wife, NOEMI MECHALI, plaintiffs, in the above captioned and entitled cause. The court, having considered the evidence presented, the pleadings on file, and the arguments of counsel, and appearing to this court that the above captioned and entitled cause was removed improvidently, this court being without jurisdiction over the entitled cause of action, since both plaintiffs and defendants are citizens and residents of the State of Texas.

IT IS, THEREFORE, ORDERED AND DECREED that the above captioned and entitled cause be and hereby is remanded to the 431st Judicial District Court of Denton County, Tx. IT IS FURTHER ORDERED, that the plaintiff be awarded costs in the amount of $_____.

Signed and entered on this _____ day of _____, 2011.

**ORDER TO REMAND - Solo Page**