**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **YEHUDA MECHALI and NOEMI MECHALI,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 4:11-cv-00114** |
| | § | |
| **CTX MORTGAGE COMPANY, L.L.C., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AURORA LOAN SERVICES, L.L.C., HOLLY CARTER, CHRISTI WEBB, and DAVID STOCKMAN,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' PETITION**

Defendants Aurora Loan Services, LLP ("Aurora") and Mortgage Electronic Registration Systems ("MERS") (Aurora and MERS are collectively "Defendants"), move this Court for an order dismissing with prejudice the claims asserted against them. For the reasons below, Defendants' motion should be granted.

## I. INTRODUCTION

Plaintiffs Yehuda Mechali and Noemi Mechali ("Plaintiffs") commenced this action in the 431st Judicial District Court of Denton County, Texas on February 25, 2011. On March 10, 2011, Defendants removed this action to this Court based on diversity jurisdiction. On March 17, 2011, the Court issued an order requiring Plaintiffs to replead their petition to meet federal pleading standards within thirty days and granting Defendants twenty days from the Plaintiffs' amended complaint to file an answer. Instead of repleading, however, Plaintiffs filed their Motion to Remand. The Magistrate Judge recommended denial of the Motion to Remand on

June 7, 2011, and this Court adopted the Recommendation and denied the Motion to Remand on July 11, 2011. Because Plaintiffs did not replead in accordance with the Court order, Defendants believe Plaintiffs intend to stand on their petition, and Defendants thus move to dismiss Plaintiffs' petition for failure to state any plausible claims for relief. For the reasons explained below, Plaintiff's petition should be dismissed.

## II. FACTUAL BACKGROUND

According to Plaintiffs' petition, they purchased their home on January 17, 2006.[1] CTX Mortgage Company, LLC ("CTX") acted as the lender and servicer of the loan until Plaintiffs were advised that Aurora would continue as servicer in March 2006.[2] Plaintiffs made all payments under the loan to CTX and then to Aurora. Plaintiffs were required to make their tax payments outside of the mortgage transaction.[3]

In May 2008, Plaintiffs filed with Denton County a tax deferral affidavit to maintain the taxes on the property at the year 2008 levels.[4] Plaintiffs allege that in April 2010, Aurora, on their behalf, overpaid the taxes on the home even though it had been notified that the taxes were to remain at the 2008 levels.[5] Soon after, Aurora began to send Plaintiffs notices of default based on the payment of taxes on their behalf, and notices that foreclosure proceedings had been instituted.[6]

Although Plaintiffs' claims are not clearly set out, it appears they bring claims for intentional infliction of emotional distress and for a declaratory judgment that the debt and lien against the property have been extinguished.[7] Plaintiffs also allege the tax deferral affidavit filed

---

[1] Plaintiffs' Pet. 3.
[2] *Id*.
[3] *Id*.
[4] *Id*. at 3-4.
[5] *Id*. at 4.
[6] Plaintiffs' Pet. at 4.
[7] *Id*. at 7-8.

in Denton County should have prevented Aurora from paying the taxes on their home and subsequently charging that amount to Plaintiffs.[8]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007). Moreover, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

In deciding a motion to dismiss, a court may consider not only the allegations made in the plaintiff's complaint, but also any documents incorporated in the pleading and all matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). All documents referred to in the plaintiff's petition, and which are central to the plaintiff's action, are considered "incorporated in the pleading." *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–90 (5th Cir. 2000) ("[d]ocuments that a defendant attaches to a motion to dismiss are

---

[8] Although Plaintiffs bring claims against MERS, they do not allege facts indicating MERs took part in inflicting the emotional distress charged herein. Indeed, all of the allegations in the petition center upon actions allegedly taken by Aurora, not MERS. Accordingly, any claim for IIED against MERS cannot stand either.

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim."). In addition, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Because this case was removed from state court, Texas rules apply to determine whether Plaintiff stated a claim. *See Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *SFTF Holdings, LLC v. Bank of America*, No. 3:10-CV-0509-G, 2011 WL 1103023, at * 1 (N.D. Tex. Mar. 22, 2011). "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

## III. ARGUMENTS AND AUTHORITIES

Plaintiffs claim Aurora was not authorized to pay the taxes on their behalf and that Aurora's action constituted intentional infliction of emotional distress. First, any contention Aurora was not authorized to act fails as a matter of law. Second, without any factual content to support their intentional infliction of emotional distress claim, it should be dismissed. Finally, because Plaintiffs underlying claims fail, no declaratory relief can be granted.

### A. Plaintiffs' Claim the Tax Deferral Prevented Aurora from Paying the Taxes is Legally Incorrect

Plaintiffs argue Aurora was not authorized to pay their property taxes because they obtained a tax deferral from Denton County. Attached to Plaintiffs' petition is their Exhibit B, the Tax Deferral Affidavit For Over-65 Or Disabled Homeowner ("Affidavit"). The Affidavit, relying on section 33.06 of the Texas Property Tax Code, provides that a homeowner may "abate any suit or pending sale to collect taxes on [his] property until such time as it ceases to be [his]

residence."[9] Section 33.06 permits a homeowner who is over 65 years of age to defer paying his taxes. TEX. PROP. TAX CODE § 33.06(a). Although the taxes are deferred, meaning the county does not collect the taxes, the taxes remain due and a tax lien is placed on the property throughout the deferment. *Id*. § 33.06(d); *See also Lyles v. Deutsche Bank Nat'l Trust Co.*, No. G-09-300, 2011 WL 96591, at * 3 (S.D. Tex. Jan. 11, 2011).

When Plaintiffs purchased their home, they executed a Deed of Trust, which provides "[b]orrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument." The Deed of Trust also provides that "[b]orrower shall discharge any lien which has priority over this Security Instrument."[10] If borrower fails to discharge a lien which has priority over the Deed of Trust, the lender may pay any sum securing a lien which has priority over the Deed of Trust and charge that amount to the borrower.[11]

Accordingly, because Plaintiffs permitted the deferred taxes to accrue on their home, a tax lien was created, which was superior to the Deed of Trust. Based on the authority granted to Aurora through the Deed of Trust, Aurora was permitted to pay the accrued taxes and then charge those amounts to the Plaintiffs. Just because the taxes were deferred does not mean Plaintiffs' obligation under the Deed of Trust to pay the taxes and prevent the attachment of a superior lien to the property was deferred. *See Lyles*, 2011 WL 96591, at * 3. Because Aurora acted based on the Deed of Trust and because § 33.06 does not prevent the accrual of a lien against the property, Plaintiffs' contention fails as a matter of law.

---

[9] Exhibit B attached to Plaintiffs' Petition.
[10] Deed of Trust, attached hereto as **EXHIBIT A**, ¶ 4.
[11] Exhibit A, ¶ 9.

### B. Plaintiffs Fail to Plead a Cause of Action for Intentional Infliction of Emotional Distress

Plaintiffs claim Aurora's conduct was aimed at inflicting emotional harm. Texas law recognizes a claim for intentional infliction of emotional distress ("IIED"), but considers it to be a "gap-filler" tort. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004); *Standard Fruit & Veg. Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). Thus, an IIED claim is available only when a person intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress. *Hoffmann-La Roche*, 144 S.W.3d at 447.

The elements necessary to recover on a claim for IIED are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Standard Fruit*, 985 S.W.2d at 65 (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

In sum, Plaintiffs' claim against Aurora amounts to the alleged wrongful payment of taxes on their behalves, which as analyzed above was not wrongful. These allegations, taken as true, fall significantly short of alleging at least two (2) necessary elements to establish a claim for IIED: (1) "intentional or reckless" conduct; and (2) "extreme and outrageous" conduct.

To allege intentional conduct to support a claim for IIED, Plaintiffs must allege more than Aurora intended to pay their taxes and intended they send in documents on numerous occasions; they must allege Aurora intended to cause the emotional distress Plaintiffs allegedly suffered. *Standard Fruit*, 985 S.W.2d at 67-68. Likewise, to allege reckless conduct to support a claim for IIED, Plaintiffs must allege the primary risk created by the reckless conduct must be the emotional distress now claimed to be suffered by Plaintiffs. *Id.* Here, Plaintiffs' petition

contains no allegations supporting the conclusion Aurora intended to cause emotional distress or the primary risk created by its conduct was emotional distress. This claim should be dismissed for failure to state a claim.

Likewise, Plaintiffs' petition contains no allegations supporting the conclusion that Aurora's conduct was "extreme and outrageous." Whether conduct is extreme and outrageous is a question of law. *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001); *Creditwatch*, 157 S.W.3d at 817. "Extreme and outrageous" conduct requires a showing of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized community." *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). A defendant's conduct is not extreme and outrageous just because it is tortious or otherwise wrongful. *Bradford*, 48 S.W.3d at 758. Again, Plaintiffs' petition alleges no facts showing "extreme and outrageous" conduct on the part of Aurora, and this claim should be dismissed for the failure to state a claim.

### C. Plaintiffs are Not Entitled to Declaratory Relief

Plaintiffs also seek a declaration that "the loan and promissory note secured by the deed of trust are paid in full" and prevents defendants from selling the property at a foreclosure sale.[12] A declaratory judgment action is appropriate where there is a justifiable controversy as to the rights and status of the parties, and a declaration will resolve the controversy. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). The Texas Declaratory Judgment Act is remedial in nature and affords relief with respect to rights, status, and other legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b); *Berthelot v. Brinkmann*, 322 S.W.3d 365, 369 (Tex. App.-Dallas 2010, pet. denied). A declaratory judgment is appropriate if: (1) a justiciable controversy exists as to the rights and status of the parties; and (2) the controversy will be

[12] Plaintiffs' Pet. at 8.

resolved by the declaration sought. *See Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.) "Ordinarily declaratory relief will not be granted where the cause of action has fully matured and invokes a present remedy at law." *Adams v. First Nat'l Bank*, 154 S.W.3d 859, 873 (Tex. App.—Dallas 2005).

Here, Plaintiffs do not provide any basis for the Court to conclude the loan has been paid in full. In fact, their petition reveals the loan has not been paid in full because they allege they sought a loan modification.[13] Why would a party seek to restructure a loan it had no obligation to pay? There is hardly a live controversy as to whether Plaintiffs paid the loan in full. Furthermore, Plaintiffs provide no grounds for which the Court can declare Aurora does not have the right to sell the property at a foreclosure sale. There are no claims for wrongful foreclosure and no facts to support a wrongful foreclosure. Further, any claim based on the alleged lack of authority Aurora had to pay the taxes cannot support such a declaration because: (1) declaratory relief is improper where it merely raises a the same issues asserted in the other claims raised in the petition; and (2) Aurora did have the authority pursuant to the Deed of Trust to pay the tax lien encumbering the property. *See, e.g.*, *Adams*, 154 S.W.3d at 873 (dismissing declaratory judgment claim where claim was based on underlying causes of action with remedies at law).

## IV. CONCLUSION

Because Plaintiffs' contention Aurora was not authorized to pay the taxes fails as a matter of law, and because they fail to plead facts to support an intentional infliction of emotion distress claim and how they paid the loan in full, there is no basis for declaratory relief. Plaintiffs' petition and all claims against Aurora should be dismissed.

[13] *Id*. at 4.

Date: July 27, 2011

Respectfully submitted,

*/s/ D. Stewart Clancy*

C. Charles Townsend, SBN: 24028053
D. Stewart Clancy, SBN: 24027926
AKERMAN SENTERFITT, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR DEFENDANT AURORA LOAN SERVICES, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2011, a true and correct copy of the foregoing was served through the Court's electronic filing system and by certified mail, return receipt requested, upon:

Neil L. Durrance
1108 North Locust
Denton, Texas 76201
*Attorney for Plaintiffs*

*/s/ D. Stewart Clancy*
D. Stewart Clancy